UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELE M. DRENNAN,

    Plaintiff,

v

GABRIEL R. GEISER, AGRI CONTROL
TECHNOLOGIES, INC., and R.D.
OFFUTT COMPANY,

    Defendants.
_____/

Case No. 1:25-cv-00663

HON.

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, Michele M. Drennan, by and through her attorneys, KONING & JILEK, P.C., and for her Complaint against the Defendants, states as follows:

**NATURE OF ACTION AND JURISDICTION**

1. This is a Michigan third party automobile negligence and ownership liability claim arising out of a July 20, 2022 motor vehicle collision.

2. This Court has subject jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. §1332 (diversity).

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(a).

4. The amount in controversy and the damages do exceed $75,000, exclusive of fees and costs.

**THE PARTIES**

5. Plaintiff is a United States citizen and domiciled in the State of Illinois; her residence is currently located in the Village of Downers Grove, County of DuPage, State of Illinois.

6. By information and belief, Defendant Gabriel R. Geiser is a United States citizen and domiciled in the State of Minnesota; by information and belief, his residence is located in the City of New York Mills, County of Otter Tail, State of Minnesota.

7. By information and belief, Defendant Agri Control Technologies, Inc. is a foreign profit corporation, originating in Minnesota, with a Michigan resident agent of CSC-Lawyers Incorporating Service (Company), 3410 Belle Chase Way, Suite 600, Lansing, Michigan 48911, and, at all relevant times, was conducting business in the Township of White Pigeon, St. Joseph County, Michigan, and may have been the owner of the truck operated by Defendant Geiser on the date of the collision and may have been an employer of Defendant Geiser on the date of the collision.

8. By information and belief, Defendant R.D. Offutt Company is a foreign profit corporation, originating in North Dakota, with a North Dakota resident agent of Paul Noah, 225 Broadway North, Fargo, North Dakota 58102, and, at all relevant times, was conducting business in the Township of White Pigeon, St. Joseph County, Michigan, and may have been the owner of the truck operated by Defendant Geiser on the date of the collision and may have been an employer of Defendant Geiser on the date of the collision.

## COUNT I - NEGLIGENCE & GROSS NEGLIGENCE AGAINST DEFENDANT GABRIEL R. GEISER

9. Plaintiff incorporates by reference and realleges each paragraph, 1 through 8, as though fully set forth herein.

10. On or about July 20, 2022, at or about 1:22 p.m., Plaintiff was operating a 2015 Lexus RX350, Registration No. E423186, eastbound on US 12 in White Pigeon Township, St. Joseph County, Michigan.

11. At the same time and place, Defendant Gabriel R. Geiser was operating a 2022 Ford F150, Registration No. YBZ0063, which was owned by Defendant Agri Control Technologies, Inc. and/or Defendant R.D. Offutt Company, eastbound on US 12, when he rear-ended Plaintiff as she was stopped for traffic, causing a collision.

12. At the same time and place, by information and belief, Defendant Geiser was driving the 2022 Ford F150, Registration No. YBZ0063, within the course of his employment with Defendant Agri Control Technologies, Inc. and/or Defendant R.D. Offutt Company.

13. At the same time and place, Defendant Geiser owed the Plaintiff and the public the duty to obey and drive in conformity with the duties embodied in the common law and the Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of White Pigeon Township, St. Joseph County, Michigan.

14. Defendant Geiser did then and there display ordinary, gross, willful and wanton negligence and misconduct by failing to stop in an assured clear distance, causing the collision.

15. At the same time and place, Defendant Geiser was guilty of ordinary, gross, willful and wanton negligence and misconduct as follows:

    a. in failing to keep a reasonable lookout for other persons and vehicles using the highway;

    b. in failing to drive with due care and caution;

    c. in failing to take all possible precautions to avoid any collision with other motor vehicles;

    d. in failing to make or renew observations of the conditions of traffic;

    e. in failing to stop in assured clear distance;

   f.  in failing to operate the vehicle safely under the conditions then and there existing; and

   g.  in failing to follow the laws and rules of the road.

16. Defendant Geiser was further negligent and grossly negligent in failing to obey and drive in conformity with the common law and Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of White Pigeon Township, St. Joseph County, Michigan.

17. Among those statutes Defendant Geiser violated include, but are not limited to, the basic speed law and the following: M.C.L. §257.626 (reckless driving); M.C.L. §257.626(b) (careless or negligent driving); and M.C.L. 257.627 (violation of basic speed law and assured clear distance) among others.

18. As a proximate cause of Defendant Geiser's negligence, Plaintiff was seriously injured and suffered a serious impairment of body function and/or permanent serious disfigurement as follows, but not necessarily limited to: neck impairments; shoulder impairments; hip impairments; tinnitus; limited vision; dizziness; anxiety; exacerbation of multiple sclerosis symptoms; and other injuries to other parts of her body, externally and internally, and some or all of which interfere with her enjoyment of life and caused Plaintiff great pain and suffering.

19. As a proximate result of her injuries, Plaintiff suffered traumatic shock and injury to the nervous system, causing severe mental and emotional anguish, which interferes with her enjoyment of life, and more generally became sick and disabled, and some or all of her injuries, may be permanent in nature.

20. Should it be determined at the time of trial that Plaintiff was suffering from any pre-existing conditions, at the time of the crash, the negligence of Defendants precipitated, exacerbated and aggravated any such pre-existing conditions.

21. Plaintiff claims all non-economic damages including , but not limited to, those for the serious impairment of body function and/or permanent serious disfigurement, if required and as more clearly set out in the injuries listed above.

22. Plaintiff claims all allowable economic damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor and against Defendants in an amount in excess of $75,000, plus costs, interest, and attorney fees.

### COUNT II – RESPONDEAT SUPERIOR CLAIMS AGAINST DEFENDANTS AGRI CONTROL TECHNOLOGIES, INC. AND R.D. OFFUTT COMPANY

23. Plaintiff incorporates by reference and realleges each paragraph, 1 through 22, as though fully set forth herein.

24. Defendant Agri Control Technologies, Inc. and/or Defendant R.D. Offutt Company is responsible for the actions/inactions/negligence of Defendant Geiser under the theory of respondeat superior.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor and against Defendants in an amount in excess of $75,000, plus costs, interest, and attorney fees.

### COUNT III – STATUTORY OWNERSHIP LIABILITY AGAINST DEFENDANTS AGRI CONTROL TECHNOLOGIES, INC. AND R.D. OFFUTT COMPANY

25. Plaintiff incorporates by reference and realleges each paragraph, 1 through 24, as though fully set forth herein.

26. At all relevant times, Defendant Agri Control Technologies, Inc. and/or Defendant R.D. Offutt Company allowed the truck it owned to be driven, operated, and controlled by Defendant Geiser.

27. Defendant Agri Control Technologies, Inc. and/or Defendant R.D. Offutt Company is liable for Defendant Geiser's negligent entrustment and, additionally, has civil liability to Plaintiff under MCL 257.401 for the negligent operation of the vehicle it owned which was negligently and grossly negligently operated by Defendant Geiser.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor and against Defendants in an amount in excess of $75,000, plus costs, interest, and attorney fees.

### COUNT IV – NEGLIGENCE, GROSS NEGLIGENCE, NEGLIGENT HIRING, TRAINING, ENTRUSTMENT AND RETENTION AGAINST DEFENDANTS AGRI CONTROL TECHNOLOGIES, INC. AND R.D. OFFUTT COMPANY

28. Plaintiff incorporates by reference and realleges each paragraph, 1 through 27, as though fully set forth herein.

29. At all relevant times, Defendant Agri Control Technologies, Inc. and/or Defendant R.D. Offutt Company knowingly allowed its employee, Defendant Geiser, to drive a truck when it knew or should have known he was a dangerous driver and would not be able to control the truck

in a safe manner in accordance with the laws of the State of Michigan and other laws in direct disregard for the safety of Plaintiff and the public.

30. In addition, Defendant Agri Control Technologies, Inc. and/or Defendant R.D. Offutt Company was negligent and/or grossly negligent in its hiring, training, entrustment, and retention of Defendant Geiser.

31. At all relevant times herein, including on or about July 20, 2022, Defendant Agri Control Technologies, Inc. and/or Defendant R.D. Offutt Company, by and through its employees, agents, and/or servants, had a duty to exercise reasonable care in the hiring, training, entrustment and retention of Defendant Geiser and failed to do so.

32. In violation of the aforesaid duties, Defendant Agri Control Technologies, Inc. and/or Defendant R.D. Offutt Company, by and through its employees, agents, and/or servants, committed one or more of the following negligent and/or grossly negligent acts and/or omissions:

    a. failing to maintain a proper lookout ahead and behind for other vehicles then upon the highway;

    b. failing to keep the truck under proper control;

    c. failing to operate the truck at a speed that is reasonable and proper having due regard to the traffic conditions and the use of the highway;

    d. failing to decrease the speed of the truck as necessary to avoid colliding with the vehicles then upon the highway;

    e. failing to stop the truck in time to avoid the collision, although it saw or should have seen that it was impending and had ample time and opportunity to avoid it;

  f. otherwise driving in a careless and negligent manner;

  g. negligently hiring and retaining Defendant Geiser; and

  h. failing to properly train Defendant Geiser with regard to operation of the truck it owned.

33. As a direct and proximate result of the acts and/or omissions constituting negligence, or gross negligence, by Defendant Geiser, the employee of Defendant Agri Control Technologies, Inc. and/or Defendant R.D. Offutt Company, and as a direct and proximate result of Defendant Agri Control Technologies, Inc.'s and/or Defendant R.D. Offutt Company's own negligence or gross negligence, Plaintiff was injured and suffered the injuries outlined in this Complaint.

34. As a direct and proximate result of one or more of the aforesaid negligent or grossly negligent acts and/or omissions by Defendant Agri Control Technologies, Inc. and/or Defendant R.D. Offutt Company, the truck being driven by Defendant Geiser collided with another vehicle, thereby causing Plaintiff severe injuries.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor and against Defendants in an amount in excess of $75,000, plus costs, interest, and attorney fees.

                     Respectfully submitted,

                     KONING & JILEK, P.C.

Dated: June 16, 2025          /s/ Jonathan N. Jilek
                     Jonathan N. Jilek (P65299)
                     Attorney for Plaintiff
                     Koning & Jilek, P.C.
                     8080 Moorsbridge Road, Suite 103
                     Portage, MI 49024
                     (269) 343-1500
                     jjilek@koningjilek.com

## JURY DEMAND

Plaintiff, Michele M. Drennan, through her counsel, hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

                                              Respectfully submitted,

                                              KONING & JILEK, P.C.

Dated: June 16, 2025                       /s/ Jonathan N. Jilek
                                              Jonathan N. Jilek (P65299)
                                              Attorney for Plaintiff
                                              Koning & Jilek, P.C.
                                              8080 Moorsbridge Road, Suite 103
                                              Portage, MI 49024
                                              (269) 343-1500
                                              jjilek@koningjilek.com